# STATE OF VERMONT

SUPERIOR COURT                                ENVIRONMENTAL DIVISION
                                              Docket No. 135-11-15 Vtec

| Couture Runoff Enforcement |
| --- |

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Other (135-11-15 Vtec)

Title:          Motion to Vacate & Reopen (Motion 8)

Filer:          Yves and Diane Beauregard

Attorney:       Ryan P. Kane

Filed Date:     December 11, 2017

Response in Opposition filed on 12/26/2017 by Attorney Kevin A. Lumpkin for Appellee Donald
    Couture

**The motion is DENIED.**

On August 23, 2016, this Court accepted the parties' Conditional Stipulation and Order of
Settlement; the Order, signed by the Court, was issued that same day. By that Conditional
Stipulation and Order, the parties and the Court anticipated dismissal of the above-referenced
appeal, after certain site investigations and work were completed within a 90-day period. The
Stipulation further provided that "[i]f, at the end of the 90-day continuance no party requests
that the trial be rescheduled or continued further, the Court will dismiss" this appeal.

This 90-day period expired on November 21, 2016. Prior to that date, no party requested
that the trial, which had begun on July 19, 2016, be rescheduled or continued further.[1] On
December 11, 2017, Yves and Diane Beauregard ("Appellants") filed a Rule 60(b) motion,
requesting that the Court vacate its dismissal of this appeal and the parties' Stipulation upon

---

[1] On November 3, 2016, Appellants' neighbor, Appellee Donald Couture (the other principal party to this
litigation), requested that the Court hold Appellants in contempt of the Court's August 23, 2016, Order. Appellee
alleged that Appellants had failed to abide by the terms of the parties' Stipulation and the Court Order, and that
their actions constituted contemptuous behavior. By Entry Order issued on February 8, 2017, this Court denied that
the alleged allegations constituted contempt of the Order.

On October 10, 2017, Appellants filed a motion for summary judgment, requesting that this Court order the
Town of Berkshire ("Town") to enforce a condition of Mr. Couture's July 17, 2014, subdivision permit that requires
him to divert stormwater runoff from flowing over his property and down onto Appellants' property.

Neither Mr. Couture's November 3, 2016, contempt motion, nor Appellants' October 10, 2017, summary
judgment motion included a request that the Court reschedule the trial that had begun on July 19, 2016.

which that dismissal order was based, and direct that "the matter [be] REOPENED and allowed to proceed." Appellants' Memorandum and V.R.C.P 60(b) Motion, filed Dec. 11, 2017, at 6 (emphasis in original).

For the reasons stated below, the Court declines to reopen this action.

This appeal represents one of two litigations that the parties initiated against each other. The specific disputes between the parties arose after Appellants constructed one or more structures and accrued a collection of materials on their property within the boundary setback area and without a necessary municipal zoning permit. See In re Beauregard NOV, No. 3-1-15 Vtec. Appellants countered that Mr. Couture, here, Appellee, had maintained his fields above their property in a manner that caused stormwater to flow onto their property and into their structures, including the unpermitted structures. When the Town chose not to initiate an enforcement action against Mr. Couture, Appellants filed an appeal of the Town's non-action decision with this Court. See In re Couture Runoff Enforcement, No. 135-11-15 Vtec.

Forty-five days after the filing of the second appeal, the Court conducted an initial conference on January 4, 2016, and, at the parties' request, coordinated both matters for a joint trial, ultimately scheduled to begin on July 19, 2016. The Court began the trial as scheduled, after a site visit to both properties.

As the Noon hour approached on the first day of trial, the Court recommended that the parties use some time during the lunch break to continue their settlement efforts. After the lunch break, the parties advised the Court that they had reached an agreement that would require some work to be completed on both the Beauregard and Couture properties. The following month, the parties filed their Conditional Stipulation and Order, which the Court issued as an Order on August 23, 2016.

We recite this procedural background to give context to Appellants' request to reopen the matter. This matter has now been closed, via the Court's dismissal, for some twenty months since the Court began the trial. If we were to grant Appellants' motion to reopen, we would be called upon to either recall or repeat the trial testimony and other evidence that was first received on July 19, 2016.

Rule 60(b) entitles a moving party, at the trial court's discretion, to be relieved from a final judgment, provided that party shows that it has suffered from one or more of the following: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . or (6) any other reason justifying relief from the operation of the judgment."[2] Id. Appellants principally assert that the Court misinterpreted the Conditional Stipulation and Order when it dismissed the appeal. We respectfully disagree. The Stipulation and Order specifically states that the July 19, 2016 trial would be continued for 90 days, and that "[i]f at the end of the 90-day continuance no party requests that the trial be rescheduled or continued further, the Court will dismiss the Runoff Case." Conditional Stipulation and Order, filed Aug. 23, 2016, at p. 2, ¶ 17.

---

[2] Rule 60(b) contains six subsections. We have only quoted the subsections that may pertain to Appellants' stated claims.

In denying Mr. Couture's contempt motion, we were called upon to interpret the parties' Conditional Stipulation and Order. In denying that motion, we concluded that its terms were clear and unambiguous. Appellee characterized ours as a narrow interpretation of the Stipulation and Order in his Memorandum opposing Appellants' motion to vacate and reopen. We do not disagree with that assessment. In fact, we believe the circumstances require a narrow reading of the parties' settlement. Our narrow interpretation is not a mistake such that the Court must vacate its dismissal of the action and reopen the matter pursuant to Rule 60(b).

Additionally, a determination of the parties' legal disputes is highly fact driven and not susceptible to resolution via summary judgment. Therefore, the Court would be required to revisit evidentiary presentations that would likely be nearly two years old by the time of retrial, if the Court were to decide that vacating the dismissal and rescheduling the trial was warranted.

Beyond the parties' bitterness towards one another, it is not clear what actual legal disputes remain that would be properly before this Court. The parties continue to argue about the manner in which Mr. Beauregard cut Mr. Couture's hay fields, some two seasons ago. We have not been presented with an allegation that stormwater continues to materially flow from the Couture fields and into the Beauregard buildings or property. More to that point, we have not been presented with an explanation as to why any encroaching stormwater cannot now be remedied with the tera-scaping that the parties anticipated and memorialized by their Stipulation.

We encourage the parties to resume their neighborly discussions and devote their energies and efforts to completing the remedial measures they first discussed and agreed upon in the Stipulation. For all these reasons, we **DENY** Appellants' motion to vacate the Court's prior dismissal order. The current proceedings before this Court therefore remain **CLOSED**.

**So Ordered.**

Electronically signed on March 09, 2018 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
Eric G. Parker (ERN 3626), Attorney for Interested Person Town of Berkshire
Kevin A. Lumpkin (ERN 6480), Attorney for Appellee Donald Couture
Ryan P. Kane (ERN 6705), Attorney for Appellants Yves and Diane Beauregard